CARROLL, Judge.
This appeal is from a judgment of the circuit court of Dade County which pro *590 vided for distribution of certain monies on deposit in the court. The appellant Ben Malamude was one of a number of persons who entered into a joint venture for the purchase and resale of a tract of land. One of the members, Frank Alter, had interested the others in the venture, and had informed them that the property could be acquired for $277,000. Alter obtained a secret profit by having his father-in-law contract to purchase the property for $210,-000. Conveyances of the property, by the owner to Alter’s father-in-law, and from the latter to the joint adventurers (for $277,000) were closed simultaneously. Alter secretly obtained the net differential in price. In a suit by the others against Alter, a judgment was entered divesting Alter of his interest in the joint venture and holding him subject to account to the other members for the amount thus improperly received by him. On appeal therefrom by Alter, this court affirmed (Alter v. Finesmith, 214 So.2d 732).
Malamude’s interest in the property, which originally was 12.05%, became 13.-24% after exclusion of Alter’s interest. Malamude was obligated, proportionately with the other owners, for the mortgage payments and taxes which should become due prior to resale of the property. It appeared that aside from the joint venture Malamude was indebted to Alter for $11,-450, to Phil DeLeon for $4,800 and to Joe Silverstein for $4,550. Malamude entered into a written contract with them whereby in consideration of their undertaking to pay the portion of the mortgage and tax payments on the property which he (Mal-amude) was obligated to pay prior to resale or lease of the property, Malamude agreed that his said creditors should be paid out of the first monies to which Malamude should become entitled from resale of the joint venture property or from a lease thereof of ten years or more if made; that if the first monies thus receivable by Malamude should be insufficient to discharge the indebtedness his subsequent receipts from sale or lease of the property would be so applied to the extent necessary; and further that those who actually so made Malamude’s mortgage and tax payments, prior to resale or lease of the property, thereby would become entitled to receive 50% of the profits which should accrue to Malamude on account of his interest in the property, above the sums necessary to discharge such indebtednesses. In a final paragraph of that agreement, as security to the creditors or their assignees, Malamude assigned to them his interest in the joint venture. That provision of Malamude’s contract with his creditors is of material significance in this case.
In further proceedings in the trial court, after the above mentioned unsuccessful appeal by Alter, an accounting was had. As a result certain funds were supplied by Alter and placed in the control of the court. Thereafter Alter (a party of the suit) and DeLeon and Silverstein (inter-venors), claiming under their above mentioned contract with Malamude, sought to have his interest in said monies applied on their indebtednesses. The judgment so ordered, and Malamude took this appeal therefrom.
The question involved is whether under the contract between Malamude and his said creditors, they were entitled to be paid out of Malamude’s share of amounts paid into court by Alter for the benefit of Mala-mude and the other members of the joint venture (as contended by the three creditors), or whether they were limited to receiving payment out of Malamude’s share of proceeds from a sale or lease of the property (as contended by the appellant Malamude).
In ordering the disbursements to Mala-mude’s creditors the trial court no doubt gave effect to the provision of the contract by which Malamude assigned his interest to the creditors as security. Application of the security provision, before resale or lease of the property, was premature, but that error, if it was error, was harmless. *591 This is so because the record reveals that the property was in fact resold by the investors to a third party for $450,000, and therefore the indebtednesses of Malamude to his said creditors would be payable to them under their contract with Malamude from his share of the proceeds of the resale, if not previously paid from the Alter funds on deposit in the court pursuant to the judgment in this case.
No reversible error having been made to appear, the judgment is affirmed.